**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BOBBY LEE DICKERSON,** ) | |
| **No. M35352,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 13-cv-00461-MJR** |
| ) | |
| **JUDGE BERGALAND,** ) | |
| **MR. KERR,** ) | |
| **C/O BROMISE,** ) | |
| **C/O GREEN,** ) | |
| **C/O DAVIS,** ) | |
| **BRENDA SUITS,** ) | |
| **RANDY DAVIS,** ) | |
| **LARUE LOVE,** ) | |
| **ROBIN DILLION,** ) | |
| **DONALD JAI, and** ) | |
| **CONNIE HOUSTON,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

Plaintiff Bobby Lee Dickerson, Jr., is currently incarcerated at Vienna Correctional Center.  Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding alleged constitutional violations and federal statutory violations that occurred: (1) with respect to his criminal prosecution in Henry County, Illinois, within the Central Judicial District of Illinois; (2) regarding the conditions of confinement at Stateville Correctional Center, located within the Northern Judicial District of Illinois; (3) as a result of the conditions of his confinement and medical care at Vienna Correctional Center, within the Southern Judicial District of Illinois; and (4) in some way connected to his parole in the State of Washington (Doc.

1

1).[1]  Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $350.00 filing fee in a civil case (Doc. 2).  *See* 28 U.S.C. §1914(a).[2]

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  However, 28 U.S.C. § 1915(g)—the "three strikes" rule—presents a preliminary hurdle that Dickerson must clear before that threshold review can be undertaken.  In addition, the complaint does not satisfy minimum pleading requirements.  It is also clear that severance of claims into separate cases is appropriate in accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), after which some of those claims, if brought in this judicial district, would be subject to transfer pursuant to 28 U.S.C. § 1391(b), § 1404(a).  In the end, the Court finds that dismissal of the complaint, without prejudice is warranted.

**Pauper Status and the "Three Strikes" Rule**

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).   In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately

---

[1] The Court has not attempted to more specifically delineate claims because the complaint does not contain a single period—it is one long run-on sentence.  The better part of the complaint is just legal catchphrases and conclusory legal assertions, and which defendant did what is debatable.  In addition, within the complaint, there is a separately captioned "Motion to Dismiss" and "Personal Restraint Petition," which may or may not have been intended to add additional claims and parties.

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998); *In re Tyler,* 110 F.3d 528, 529–30 (8th Cir.1997).

In this case, Plaintiff has tendered an affidavit of indigence and trust fund statement that are sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Dickerson has already had three other cases dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Dickerson v. Satterburg*, No. 09-cv-1279-RSM (W.D. Wash. Oct. 22, 2009); *Dickerson v. Bals*, No. 09-cv-1419-JCC (W.D. Wash. Jan. 14, 2010); *Dickerson v. RJC King County Jail*, 09-cv- 1508-JCC (W.D. Wash. Jan. 14, 2010).

Dickerson failed to disclose his full litigation history. He referenced only one of two civil cases filed in the Central District of Illinois, and he made no mention of his extremely lengthy litigation history in the Western District of Washington (which includes the three cases cited as strikes). A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). Although dismissal as a sanction is appropriate in this situation, there are additional considerations that merit discussion.

Because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.   The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.   *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)).   In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)).   Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996)).   There also must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims.   *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009).

Although the complaint is quite muddled, and without regard to the merits of each claim, it is clear that Plaintiff's claims do not, as presently pleaded, meet the Seventh Circuit's standard for finding "imminent danger."   Obviously, Plaintiff's claims regarding his criminal prosecution do not pertain to any imminent harm; rather, he references the denial of due process, a retaliatory conspiracy, malicious prosecution and racial discrimination.   Similarly, any issue regarding Plaintiff's parole does not present any imminent danger of harm.   Plaintiff takes issue with the inability to regularly shower at Stateville Correctional Center, but he is no longer housed there, removing him from harm's way.   Plaintiff's claims regarding the conditions of his

confinement and medical care at Vienna Correctional Center do *suggest* the possibility of imminent danger of serious physical harm.

Plaintiff claims that there is asbestos in the ceilings at Vienna, and that there was a delay in getting him an inhaler—both of which he asserts could cause death.   Because Plaintiff was able to secure an inhaler, that is deemed a past risk.   However, the risk of exposure to asbestos is an ongoing risk of serious physical injury; therefore, Plaintiff can proceed as a pauper with respect to his claims regarding the conditions of his confinement and medical care at Vienna Correctional Center.   Nevertheless, those claims cannot be joined with Plaintiff's initial claim(s) regarding Dickerson's criminal prosecution, nor with his claims regarding the conditions at Stateville or his claim regarding his parole.

**<u>Severance of Causes of Action</u>**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  The Seventh Circuit emphasized in *George* that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

The four categories of claims presented in Plaintiff's complaint must be severed into separate cases, each requiring either the payment of a filing fee, or a grant of IFP status. Because the claims regarding Dickerson's criminal prosecution were presented first in the

complaint, that claims shall be deemed to be the basis of this present action, Case No. 13-cv-00461-MJR.  However, because Plaintiff has three strikes for purposes of 28 U.S.C. § 1915(g), his other claims regarding his criminal prosecution, the conditions at Stateville, and his probation, do not pertain to an imminent risk of serious physical harm, so he must first pay the full filing fee for each new case.  Furthermore, because he is not proceeding as a pauper, the $50.00 administrative fee is added to the $350.00 filing fee, making the total fee owed on each case $400.00.  With that said, Plaintiff shall have an opportunity to decide whether he wants to pay the necessary filing fees and pursue the severed claims in new, separate cases.

Normally, the Court would delineate which claim(s) against which defendant(s) constitutes each severed case; however, that is not possible because the complaint fails to satisfy the minimal pleading standards.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  There are no readily apparent impending statute of limitations deadlines, so dismissal of these severed claims from this action should not prejudice Plaintiff.  However, he should be mindful of such deadlines when deciding whether to file new actions.

**The Adequacy of the Complaint**

Preliminary review of the complaint is dictated under 28 U.S.C. § 1915A, which states:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

7

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As already indicated, the single sentence that forms the complaint does not make clear which defendant allegedly did what, and the inclusion of a "Motion to Dismiss" and "Personal Restraint Petition" leaves the Court to guess what claims Plaintiff intended to present. Furthermore, Plaintiff offers little more than legal conclusions and catchphrases. Therefore, the *Twombly* standard has not been met.

Therefore, summary dismissal is warranted, without prejudice to Plaintiff filing an amended complaint in the present action (regarding the constitutional claims pertaining to Dickerson's criminal prosecution). Because the other, now severed claims alluded to in the

8

complaint are not entirely clear, those claims will also need to be re-pleaded, if Plaintiff elects to pursue those claims in new, separate cases.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons state, Plaintiff Dickerson's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**; the $400 filing fee must be paid in full before this action can proceed.

**IT IS FURTHER ORDERED** that, only Plaintiff's claims against Defendants **JUDGE BERGLAND** and **MR. KERR** regarding his criminal prosecution in Henry County, Illinois, within the Central Judicial District of Illinois shall proceed in this action.  All other claims and Defendants **C/O BROMISE**, **C/O GREEN**, **C/O DAVIS**, **BRENDA SUITS**, **RANDY DAVIS**, **LARUE LOVE**, **ROBIN DILLION**, **DONALD JAI**, and **CONNIE HOUSTON** are **DISMISSED** without prejudice to Plaintiff asserting those claims in separate and distinct cases.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants **JUDGE BERGLAND** and **MR. KERR** regarding his criminal prosecution in Henry County, Illinois, within the Central Judicial District of Illinois are **DISMISSED** without prejudice for failure to state a claim, and with leave to amend.

**IT IS FURTHER ORDERED** that on or before July 8, 2013, Plaintiff Dickerson shall pay the $400 filing fee owed in this case and file an Amended Complaint against Defendants Judge Bergland and Mr. Kerr.  Failure to pay the required filing fee and file an Amended Complaint by the prescribed deadline will result in the dismissal of this action with prejudice, closing this case.  Plaintiff's obligation to pay the $400 filing fee was incurred when this case was filed; therefore, if Plaintiff does not submit the filing fee, the Court will order the

prison to make deductions from Plaintiff's prison trust fund account, pursuant to *Newlin v. Helman,* 123 F.3d 429 434 (7th Cir. 1997).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 6, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**