## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BOBBY LEE DICKERSON,** | ) | |
| **No. M35352,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 13-cv-00461-MJR** |
| | ) | |
| **JUDGE BERGALAND,** | ) | |
| **MR. KERR,** | ) | |
| **C/O BROMISE,** | ) | |
| **C/O GREEN,** | ) | |
| **C/O DAVIS,** | ) | |
| **BRENDA SUITS,** | ) | |
| **RANDY DAVIS,** | ) | |
| **LARUE LOVE,** | ) | |
| **ROBIN DILLION,** | ) | |
| **DONALD JAI, and** | ) | |
| **CONNIE HOUSTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Bobby Lee Dickerson, Jr., is currently incarcerated at Vienna Correctional Center.  Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding a variety of constitutional and statutory violations stemming from his criminal prosecution, the conditions of confinement at Stateville Correctional Center, the conditions of his confinement and medical care at Vienna Correctional Center, and his parole in the State of Washington (Doc. 1).

Pursuant to 28 U.S.C. § 1915A and in connection with Plaintiff's motion for pauper status, the Court conducted a prompt threshold review of the complaint (Doc. 8).  Claims were severed in accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  The remaining

claims were not well pleaded.  Because Plaintiff has three strikes for purposes of Section 1915(g) and none of the claims remaining in this action reflected that he is under imminent danger of serious physical injury, he was not permitted to not proceed *in forma pauperis* in this case. Consequently, Plaintiff was given until July 8, 2013, to pay the $400.00 filing fee and submit a viable amended complaint.

As of this date, Plaintiff has not paid the filing fee, nor has he tendered an amended complaint.  Consequently, dismissal under Federal Rule of Civil Procedure 41(b) is warranted.

Dismissal under Rule 41(b) is on the merits.  Although Plaintiff is a "three-striker," an additional "strike" will not be assessed and filing ban will not be issued in consideration of the intermingling of proper and improper claims, the probable merits of the severed claims remaining in this action (even though inadequately pleaded), Plaintiff's clear inability to pay, and the lack of obviously contumacious conduct.  *See Gay v. Chandra*, 682 F.3d 590 (7th Cir. 2012).

Plaintiff is advised that a ban order will be next, if he insists on filing lawsuits that do not show he is in imminent physical danger and files a petition to proceed *in forma pauperis*. "A prisoner who becomes ineligible under [Section] 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits.  *See Newlin v. Helman,* 123 F.3d 429, 437 (7th Cir. 1997).

Plaintiff's obligation to pay the $400.00 filing fee for this action was incurred at the time the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Therefore, the Court will collect the fee in accordance with *Newlin v. Helman*,

123 F.3d 429, 434–37 (7th Cir. 1997); deduction of the filing fee in whole or in part from Plaintiff's prison trust fund account will be ordered.

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Civil Procedure 41(b), this action is **DISMISSED WITH PREJUDICE**. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g). Judgment shall enter accordingly.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff Dickerson is directed to remit the $400.00 filing fee for this case from Plaintiff's prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Vienna Correctional Center upon entry of this Order.

Plaintiff is **ADVISED** that, if wishes to appeal this order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir.

3

1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be non-meritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED: July 12, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**